IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD OTTO HANSEN,** | ) | **4:14CV3137** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **THE CITY OF SUPERIOR,** | ) | |
| **NEBRASKA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Richard Otto Hansen ("Plaintiff" or "Hansen") filed his Complaint (Filing No. 1) in this matter on June 27, 2014. He also filed a Brief (Filing No. 5) in support of his Complaint. Hansen has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint and Brief to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Hansen, a resident of Superior, Nebraska ("Superior"), filed this action against Superior, six members of Superior's city council, and Superior's nuisance abatement officer. Liberally construed, this is a civil action brought pursuant to 42 U.S.C. § 1983.

Condensed and summarized for clarity, Hansen alleges that on May 2, 2014, Superior's nuisance abatement officer sent him a notice informing him that his property could be subject to nuisance abatement proceedings if not cleared by May 26, 2014. (Filing No. 1 at CM/ECF pp. 4-6, 14-15.) On May 27, 2014, the defendant city council members instituted nuisance abatement proceedings against his property. (*Id.* at CM/ECF pp. 6-9.) Hansen attached a letter to his Complaint indicating that Superior provided him until June 22, 2014, to clear the nuisance items on his property. The letter informed

Hansen he had a right to request a hearing before Superior's city council and, if he disagreed with the result of the hearing, he was entitled to appeal the council's findings to the appropriate court. (*Id.* at CM/ECF pp. 17-18.)

Hansen argues Defendants have acted "in excess of statutory authority," and have deprived him of "procedural due process." Hansen asks this court to issue an order enjoining Defendants from going forward with the nuisance abatement proceedings, and to award an appropriate amount of damages. (*Id.* at CM/ECF pp. 11-12.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's

complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

**A.     Claims for Injunctive and Declaratory Relief**

To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state proceeding has already been commenced. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

In Nebraska, cities and villages have the "power and authority by ordinance to define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same." Neb. Rev. Stat. § 18-1720. If an owner of property within a city or village refuses to comply with a city notice to remove a public nuisance, the city may abate the nuisance. *See* Neb. Rev. Stat. § 18-1722.

Here, Plaintiff's Complaint clearly indicates that a "nuisance abatement proceeding" has been initiated against him. (Filing No. 1 at CM/ECF p. 2.) Plaintiff has not alleged nor demonstrated that he cannot assert his constitutional concerns in this proceeding. (*Id.*) Moreover, zoning and nuisance abatement issues are traditional state law matters that implicate important state interests. *See, e.g., Lambeth v. Miller*, 363 Fed. App'x 565, 2010 WL 299244, at *2 (10th Cir. Jan. 27, 2010) (affirming district court's decision to abstain from exercising jurisdiction over plaintiff's claims against county officials relating to county abatement proceedings); *Harper v. Pub. Serv. Comm'n of West Virginia*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."). Accordingly, this court will abstain from exercising jurisdiction over Plaintiff's claims for injunctive and declaratory relief.

**B.     Claims for Monetary Relief**

Liberally construed, Hansen raises procedural and substantive due process claims against Defendants. Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. This section's purpose "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

**1.     Procedural Due Process**

4

The court reads Hansen's procedural due process claim as challenging the process followed by Defendants in declaring his property a nuisance. Hansen, in blanket terms, alleges Defendants have deprived him "of his federal constitutional right to not be deprived of his property without procedural due process of law protection or without impartial decision-maker protection." (*See, e.g.*, Filing No. 1 at CM/ECF p. 9.)

To establish a procedural due process violation, a plaintiff must prove that he was deprived of "an opportunity . . . granted at a meaningful time and in a meaningful manner for [a] hearing appropriate to the nature of the case." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971).

Hansen has failed to state a claim that he was deprived of the procedural due process required by the Fourteenth Amendment. Hansen's Complaint specifically provides that Defendants provided him with notice of the nuisance abatement proceedings, notice that he could request a hearing before the city council to contest the proceedings, and notice that he could appeal an adverse decision by the city council to the appropriate court. Hansen does not argue that he was not provided notice, nor that he was not allowed a hearing when requested. Indeed, he fails to explain in any way how the procedures provided were constitutionally inadequate.

Out of an abundance of caution, the court will permit Hansen 30 days in which to amend his Complaint to allege a procedural due process claim against Defendants. Any amended complaint must restate the allegations of the prior complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Hansen fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without further notice.

### 2. Substantive Due Process

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State . . . shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "This provision contains a 'substantive component' that 'protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 815 (8th Cir. 2011) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). To establish a violation of substantive due process, a plaintiff "'must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.'" *Id.* (quoting *Norris v. Engles*, 494 F.3d 634, 638 (8th Cir. 2007)).

It is not clear whether Hansen intended to raise a substantive due process claim. To the extent he did, the court finds it fails to state a claim upon which relief may be granted, as he has not alleged any conscience-shocking behavior on the part of Defendants. As provided above, the court will provide Hansen an opportunity to file an amended complaint that states a claim upon which relief may be granted.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Hansen asks this court to appoint counsel to represent him in these proceedings. (Filing No. 3.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed

6

counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

### V. MOTION FOR SERVICE OF PROCESS BY MARSHAL

Hansen seeks an order directing the United States Marshals Service to serve Defendants with process. (Filing No. 4.) However, as drafted, Hansen's Complaint fails to state a claim upon which relief may be granted against Defendants. Thus, he may not serve Defendants with process at this time. Accordingly,

IT IS ORDERED:

1. Hansen shall have 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Hansen fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on October 20, 2014.

3. Plaintiff's claims for injunctive relief are dismissed without prejudice.

4. Plaintiff's Motion for Appointment of Counsel (Filing No. 3) is denied without prejudice.

5. Plaintiff's Motion for Service of Process by United States Marshal (Filing No. 4) is denied without prejudice.

DATED this 17th day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge